**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3607
_____

ANGELA EKHATO,

                              Appellant

v.

RITE AID CORPORATION; RITE AID
OF PENNSYLVANIA, INC.; JOHN BOYLE

_____

Appeal From The United States District Court
For The Eastern District Of Pennsylvania
(District Court No. 2-10-cv-02564)
District Judge: Honorable J. William Ditter, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
on May 23, 2013

Before: RENDELL and GREENAWAY, JR., <u>Circuit Judges</u>
and ROSENTHAL,* <u>District  Judge</u>

(Opinion Filed: June 19, 2013)

---

*Honorable Lee H. Rosenthal, Judge of the United States District Court for the Southern District of Texas, sitting by designation.

_____

O P I N I O N
_____

**ROSENTHAL**, <u>District Judge</u>:

In this employment discrimination action, Angela Ekhato appeals the District

Court's grant of summary judgment in favor of her former employer, Rite Aid Corp.

("Rite Aid"), and John Boyle, Regional Vice-President of Pharmacy Operations.[1] Ekhato

alleged that she was subjected to discrimination on the basis of her race (African-

American), her national origin (Nigerian), and her age (50).[2] We have jurisdiction under

28 U.S.C. § 1291. Our review of the record shows that there were no genuine disputes

for trial and that, viewing the facts in the light most favorable to Ekhato, the defendants

were entitled to judgment as a matter of law. *See Burton v. Teleflex, Inc.*, 707 F.3d 417,

425 (3d Cir. 2013). We will affirm.[3]

---

[1] Ekhato brought her discrimination claims under Title VII of the Civil Rights Act of 1964 and the parallel grounds for liability under 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"). JA 23.

[2] Ekhato also alleged retaliation. The District Court granted summary judgment on this claim because there was no evidence that Ekhato engaged in protected acts and because she abandoned the claim during oral argument on the summary judgment motion. JA 37. This appeal presents no issue as to Ekhato's retaliation claim.

[3] Ekhato also appeals the District Court's orders denying various discovery requests, denying her motion to compel production of documents, granting the appellees' motion to quash a subpoena, and denying her motion for reconsideration of the order granting the appellees' motion to quash. Appellant's Br. 1–2. We review for abuse of discretion. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995). We will not reverse a district court's discovery rulings absent "'the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.'"

Rite Aid promoted Ekhato from the position of Pharmacist to Pharmacy District Manager ("PDM") and terminated her employment ten months later. The District Court properly analyzed Ekhato's claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The District Court comprehensively reviewed Ekhato's allegations, the explanations proffered by Rite Aid for terminating her employment, and the summary judgment evidence. The District Court found that Ekhato had made a prima facie showing of discrimination and that Rite Aid had proffered legitimate, nondiscriminatory reasons for the decision to terminate her employment. Rite Aid presented extensive evidence showing that it had terminated Ekhato's employment because she failed to improve her job performance despite counseling and warnings, was repeatedly disrespectful to colleagues and subordinates, was the subject of union grievances in which subordinates questioned her management, failed to address pharmacists' complaints, and failed to communicate effectively with employees. Rite Aid concluded that Ekhato lacked the necessary skills to be a PDM and that, under her leadership, her colleagues and subordinates had made "poor [workplace] decisions." JA 21–22. This appeal focuses on the District Court's conclusion that, based on the evidence, no reasonable jury could infer pretext.

---

*In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982) (quoting *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1105 (5th Cir. 1972)). Ekhato sought a variety of Rite Aid financial documents, personnel files, private communications between Rite Aid employees, and Boyle's academic records. Appellees' Br. 50–59. The District Court did not allow Ekhato this discovery because she failed to show its relevance. *E.g.*, JA 6–7. Neither the record nor Ekhato's arguments on appeal justify disturbing the District Court's discovery rulings.

Ekhato claims that although Boyle decided to promote her, he promoted her to the most difficult PDM position available, provided her an insufficient number of pharmacists to staff the stores she managed, and assigned her the least competent assistant in the region. Ekhato essentially argues that, after promoting her, Boyle set her up to fail as a PDM because of race, national-origin, and age animus. *Id.* at 25.

The record amply supports the District Court's analysis rejecting this contention. *Id.* at 25–29. The evidence contradicts Ekhato's claim that she applied for PDM positions other than the one she received, and she made inconsistent arguments about why her assignment to District 7203 was discriminatory. *Id.* at 25–28. For example, she argued that the defendants discriminated against her by promoting her to manage the most difficult district available, but also claimed that she was more qualified than other PDMs and did not dispute that objective measures of her job performance showed that she had the potential to succeed in District 7203. *Id.* at 26. Ekhato's claim that she was deprived of resources in the form of additional pharmacists ignores the evidence that her disagreement with Boyle over personnel needs was resolved before the problems leading to her job termination arose. *Id.* at 28. The evidence does not support her claim that she was paired with an incompetent assistant, let alone that the pairing was made because of discrimination. *Id.* at 28–29.

Ekhato's claim that the defendants' evaluation of her job performance was a pretext for discrimination also fails for lack of record evidence. "[P]retext is not shown by evidence that 'the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether

4

the employer is wise, shrewd, prudent, or competent.'" *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)). "Evidence that the method of evaluation an employer used was not the best method does not amount to evidence that the method was so implausible, inconsistent, incoherent or contradictory that it must be a pretext for something else." *Id.* at 471.[4]

The District Court conducted a "fact-based inquiry" that "examin[ed] each of the proffered reasons for Ekhato's discharge." JA 30. The record included: evidence of a warning to Ekhato about her performance given at an August 1, 2008 meeting with Boyle and a Rite Aid Human Resources manager; union grievances filed against Ekhato by two subordinates; and reports to Rite Aid management that Ekhato behaved unprofessionally toward employees, that she mistreated her assistant, that she failed to address the complaints of pharmacists she supervised, and that she failed to communicate with her staff about how to implement Rite Aid's customer service program.[5] JA 31–36. The

---

[4] Ekhato supplemented her briefing under Rule 28(j) of the Federal Rules of Appellate Procedure to include citations to a recently decided case, *Burton v. Teleflex Inc.*, 707 F.3d 417 (3d Cir. 2013). Ekhato argues that *Burton* shows that the District Court erred because the judge "made his own factual findings and demanded evidence of discriminatory animus." Rule 28(j) Letter 2. Ekhato's reliance on *Burton* is misplaced. In *Burton*, there were genuine factual disputes material to determining whether the plaintiff had resigned, as she contended, or had been terminated, as the defendant contended. *Id.* at 423–24. The evidence giving rise to the factual disputes made the grant of summary judgment erroneous. The present record does not reveal factual disputes material to determining pretext. Nor does the record, examined in light of *Burton*, suggest that the District Court applied the wrong legal standard in analyzing pretext. *See* JA 24. The supplemental authority does not provide a basis for reversal.

[5] The parties' dispute over whether Ekhato told her staff to call Rite Aid's customer-service line to boost customer-satisfaction ratings is not material because it was not a basis for firing her. *See* JA 20–22.

District Court concluded that the evidence presented no weaknesses, contradictions, or inconsistencies that would allow a reasonable jury to infer that the reasons Rite Aid gave when it terminated Ekhato's employment were pretextual. *Id.* at 36. The record amply supports this conclusion.

Ekhato also argues that the defendants misjudged her performance, credited other people's description of events over hers, and criticized her actions too harshly. But Ekhato does not dispute the facts of many of the specific incidents reported to the defendants. Nor does Ekhato dispute what the defendants were told about her performance as a PDM. Ekhato's evidence is insufficient as a matter of law to support an inference that the defendants' proffered reasons for terminating her employment were "merely a pretext for discrimination, and not the real motivation for the unfavorable job action." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (per curiam); *see also id.* at 799–800 (discussing the showing required).

Ekhato's subjective belief that the decision to terminate her employment was discriminatory is insufficient. *See, e.g.*, *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 414 (3d Cir. 1999) (finding that beliefs without factual support are insufficient to show a pretext for discrimination); *see also Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997) ("[M]ere personal belief, conjecture[,] and speculation are insufficient to support an inference of . . . discrimination." (internal quotation marks omitted)); *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993) (explaining that conclusory allegations without evidentiary support are insufficient).

6

The lack of evidence raising a genuine fact dispute material to determining pretext, and the lack of evidence in the record sufficient to support a finding of pretext, made summary judgment proper. *See, e.g.*, *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 547–48 (3d Cir. 1993). We will affirm.